UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


WSC-L LAKESIDE INVESTORS V, LLC,
    Plaintiff,

vs.                                                      Case No. 8:08-cv-1694-T-17-TBM

PULTE HOME CORPORATION and
PULTE HOMES, INC.,
    Defendant
_____/


ORDER ON DEFENDANT'S MOTION TO DISMISS COUNT II OF THE FIRST AMENDED
COMPLAINT


This cause is before the Court on Defendant, Pulte Home's, Motion to Dismiss, filed November 26, 2008 (Doc. 25) and the response thereto (Doc. 26). For the reasons set forth below, the Defendant's Motion to Dismiss is **GRANTED**.

PROCEDURAL BACKGROUND

On November 17, 2008, plaintiff, WSC-L Lakeside Investors (WSC-L), filed the First Amended Complaint against Defendant, Pulte Homes (Pulte), in the U.S. District Court for the Middle District of Florida. (Doc. 23). WSC-L's complaint contains five counts, for purposes of this order only counts I and II, breach of contract and negligent misrepresentation, will be addressed.

On November 26, 2008, defendant Pulte filed its Motion to Dismiss Count II of the First Amended Complaint. (Doc. 25). Pulte argues WSC-L's count I and count II are indistinct and that the economic loss rule bars recovery under tort law. (Doc. 25)

## FACTUAL BACKGROUND

On December 31, 2007, Pulte and WSC-L entered into a real property purchase agreement, the subject of the current dispute. ("Purchase Agreement"). It was agreed Pulte would sell WSC-L a tract of land intended for a single family residential community. (Doc. 23)

WSC-L claims that during contract negotiations Pulte indicated it had paid all of the prepaid impact fees necessary for utility capacity on the tract of land. (Doc. 23) WSC-L also alleges these representations were memorialized in the Purchase Agreement. (Doc. 23)

Count I of the complaint alleges breach of the Purchase Agreement, specifically section 7.1.2(n), by Pulte failing to pay the prepaid impact fees. (Doc. 23) Count II claims damages for negligent misrepresentation for the representations Pulte made within the Purchase Agreement. (Doc. 23)

## STANDARD OF REVIEW

In a Motion to Dismiss for failure to state a claim for which relief may be granted the complaint is viewed in the light most favorable to the plaintiff and its allegations taken as true. Fed. Rules Civ. Proc. Rule 12(b)(6); *Medina v. Minerva*, 907 F.Supp. 379, 381 (M.D. Fla. 1995) (citing *Blackston v. State of Alabama*, 30 F.3d 117, 119 (11th Cir. 1994)).

## DISCUSSION

WSC-L's counts I and II are both derived from the Purchase Agreement which memorialized the representations by Pulte. (Doc. 23) Count I alleges material breach of the Representations and Warranties in the Purchase Agreement, specifically section 7.1.2(n), representing Pulte had paid the impact fees. (Doc 23) Count II alleges Pulte negligently misrepresented that it had paid the impact fees specifically set out in section 7.1.2(n) of the Purchase Agreement. (Doc. 23) Both counts address representations within the Purchase

Agreement. (Doc. 23) Both counts specifically address representations within section 7.1.2(n). (Doc. 23) The two counts are interwoven and indistinct; the misrepresentation alleged in count II cannot be separated from the Purchase Agreement. Because the two counts are indistinct, the defendant's motion to dismiss is **GRANTED**.

Where an allegation of negligent misrepresentation cannot be separated from the agreement, the economic loss rule limits the parties to pursing contractual rights. *Hotels of Key Largo, Inc. v. RHI Hotels, Inc.,* 694 So.2d 74 (Fla. 3d DCA 1997). Here count II is directly related to, in fact cannot be separated from, the contract between the parties; the economic loss rule must restrict WSC-L to their contractual remedies, preventing recovery under a tort action. *Allen v. Stephan Co.,* 784 So.2d 456 (Fla. 4th DCA 2000). Because the economic loss rule restricts WSC-L to the contractual remedies, the defendant's motion to dismiss is **GRANTED**. Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss Count II of the First Amended Complaint (Doc. 25) be **GRANTED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 22nd of April 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.