**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**WSC-LAKESIDE INVESTORS V, LLC,**

    **Plaintiff,**

**v.**                                                                **Case No. 8:08-cv-1694-T-17TBM**

**PULTE HOMES CORPORATION, et al.,**

    **Defendants.**

_____/

**O R D E R**

THIS MATTER is before the court on **WSC-L Lakeside Investors V, LLC's Motion to Compel** (Doc. 45) and Pulte Homes Corporation and Pulte Homes, Inc.'s. response in opposition (Doc. 46). By its motion, Plaintiff seeks an order compelling responses to requests numbered 4, 5, and 6, in its second request for production directed to Defendant, Pulte Homes Corporation ("Pulte"). The documents sought in those requests pertain to Pulte's 2007 tax return, losses claimed on that return in connection with the sale of the subject property, and/or any tax advantages realized by Pulte in connection with said sale. Plaintiff asserts that these documents are relevant and discoverable because, according to Plaintiff, "Pulte made it clear that the sale of the Lakeside Property was a tax driven transaction." Plaintiff urges that whether Pulte received a tax benefit from the sale is relevant to showing that Plaintiff did not have sufficient time to conduct its due diligence regarding the property.

In its responses to discovery, Defendant objects to the production of the documents on the basis that the requests are irrelevant, overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Further, Defendants urge that tax returns are highly sensitive documents, and thus, there is a public policy against their disclosure unless such returns are clearly relevant, a compelling need is shown, and the information is otherwise not available. Here, Defendants assert that any tax return information or tax benefit realized by the sale of the property is wholly irrelevant in this breach of contract action that involves a dispute over additional impact fees.[1] While Defendants concede such may be relevant if Plaintiff had alleged that it was fraudulently induced into entering the Contract, there is no such allegation here and the only relevant issue on the pleadings concerns impact fee credits.

Rule 26 of the Federal Rules of Civil Procedure governs the scope of discovery. In pertinent part, Rule 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The federal rules require that discovery be provided if the information has some bearing on the claims or defenses in the case, and courts have long recognized that relevance for discovery purposes is much broader

---

[1] They urge that the subject Contract spells out *Plaintiff's* duty to perform and complete its due diligence, and that Pulte was transferring the subject property on an "as-is" basis. Thus, Defendants urge the issue of due diligence is not germane to this lawsuit where Plaintiff agreed to its due diligence obligations under the Contract irrespective of an alleged "short" due diligence period.

2

than relevance for trial purposes. *Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.,* No. 01-0392-CIV-GOLD, 2001 WL 34079319, at *2 (S.D. Fla. Nov.1, 2001) (acknowledging public policy against disclosure of tax returns, but nevertheless recognizing that they are not privileged and shall be disclosed if clearly relevant and a compelling need for disclosure is shown).

At present, it is not entirely clear to me that requested tax documents are relevant and the information not otherwise available. Accordingly, Pulte Homes Corporation is directed to provide a sworn statement, in the nature of an interrogatory response, within eleven (11) days from the date of this Order stating whether it has claimed any tax loss or tax gain in conjunction with the sale of the subject property, and if so, the basis and explanation for the same.

It is further ORDERED that Plaintiff WSC-L Lakeside Investors V, LLC's Motion to Compel (Doc. 45) is **denied without prejudice**.

**Done and Ordered** at Tampa, Florida, this 5th day of October 2009.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record

3